IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES ROBERT BALTZELL,

    Plaintiff,

v.

EOCI and OFFICIALS,

    Defendant.

Case No. 2:18-cv-01539-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution ("EOCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

## BACKGROUND

Plaintiff alleges that on December 27, 2017, he was walking to his prison's medical unit with a correctional officer when a "big slab of ice and snow" three or four inches thick slid off the roof of the facility and hit him on the top of his head. He claims that several correctional employees witnessed this event and came to his aid. He asserts that the incident caused him "serious physical, emotional, and possibly psychological problems," and that the failure to provide a protective covering from falling ice amounts to an Eighth Amendment violation. Plaintiff seeks injunctive relief and money damages exceeding $300,000.00.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S.

2 - ORDER TO DISMISS

662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, Plaintiff names two Defendants in the caption of his Complaint, EOCI and "Officials." Although he purports to bring suit against other individuals and entities named in the body of his Complaint, the Defendants are limited to those parties named in the caption of the Complaint. Fed. R. Civ. P. 10(a). The term "Officials" does is not sufficient to name a Defendant, and EOCI is entitled to Eleventh Amendment immunity from suit as an Oregon state agency. *See Puerto Rico*

3 - ORDER TO DISMISS

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

In addition, even assuming Plaintiff had named a valid defendant in his Complaint, he nevertheless fails to state a viable Eighth Amendment failure to protect claim. The conditions of imprisonment and the treatment of prisoners are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official's conduct violates the Eighth Amendment only if two conditions are met. First, the plaintiff must allege a deprivation which is "sufficiently serious" when viewed objectively. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a claim based on failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*

Second, the plaintiff must demonstrate that a prison official acted with deliberate indifference. *Id.* In order to satisfy the standard of deliberate indifference, a plaintiff must show that a prison official knew of and disregarded an excessive risk to inmate health or safety. *Id* at 837; *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). "An official's failure to alleviate a significant risk that he should have perceived

but did not, while no cause for commendation, cannot under [Supreme Court] cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 837.

Nothing in the Complaint suggests that any person was deliberately indifferent to Plaintiff's well-being while he walked to EOCI's medical unit. To the contrary, several individuals immediately responded to assist him after the piece of ice came down with no warning. Plaintiff characterizes the prison officials' culpability as negligence, stating that they "started building this structure the very next day" and that "[t]heir negligence to postpone this project until this [injurious] accident occurred was unreasonable and unnecessary." Complaint (#2), p. 7. "[D]eliberate indifference entails something more than mere negligence. . . ." *Farmer*, 511 U.S. at 835. Plaintiff's Eighth Amendment failure to protect claim is therefore dismissed with prejudice and without leave to amend.

In his Prayer for Relief, Plaintiff makes a request for damages "for the suffering and neglect of my pain issues." However, he fails to identify any individuals who neglected his pain issues, nor does he provide any details regarding such an incident. Although he currently fails to state a valid Eighth Amendment medical claim, the Court allows him leave to do so.

5 - ORDER TO DISMISS

Plaintiff is advised that in order to prevail on a claim of the denial of adequate medical care, he must allege and prove that the responsible parties were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). A showing of medical malpractice or negligence is not sufficient to state an Eighth Amendment claim. *Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with his Eighth Amendment medical claim pertaining to his untreated pain and suffering, he must file an amended complaint: (1) naming all defendants in the caption of his pleading; and (2) stating all facts relevant to how the named defendants were deliberately indifferent to a serious medical need. Plaintiff is advised that failure to file an amended complaint within 30 days shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this __8__ day of November, 2018.

/s/ MW Mosman

Michael W. Mosman
United States District Judge